IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MELISSA HILTON**                                                                                           **PLAINTIFF**

**V.**                                             **4:09CV00449 JMM**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                                      **DEFENDANT**

## ORDER GRANTING MOTION TO REMAND

Pending is the Plaintiff's motion to remand her case back to the Saline County Circuit Court. Plaintiff contends that the Court does not have jurisdiction over the case because she is requesting total damages of less than the amount required for federal diversity jurisdiction.

Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the appropriate federal court. 28 U.S.C. §1441(a). The Court's original jurisdiction, of course, includes diversity jurisdiction. Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure. 28 U.S.C. § 1447(c). If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. In making this determination, the Court must resolve all doubts in favor of a remand to state court. *See In re Business Assurance Co. Of America,* 992 F.2d 181, 183 (8th Cir. 1993). "[W]here . . . the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003).

In support of her motion to remand, the Plaintiff cites Judge Wilson's opinion in

*Pritchard v. State Farm Mut. Auto. Ins. Co.,* Case Number 4:08CV01861 WRW (E.D. Ark. Sept. 26, 2008).  In *Pritchard*, State Farm denied the insured plaintiff's claim for damages under an underinsured motorist policy.  The insured filed suit in state court against State Farm for compensatory damages, 12% statutory penalty for alleged bad faith by the insurer, punitive damages and costs of the suit.  State Farm removed the case to federal court stating that the court had original jurisdiction based upon complete diversity of citizenship between the parties.  In response, Ms. Pritchard asked Judge Wilson to remand the case back to state court because she had not requested damages in excess of $75,000 as required for federal diversity jurisdiction.  The case was remanded.

In this case, Ms. Hilton also seeks compensatory damages against State Farm for denial of her underinsured motorist coverage.  Plaintiff states in her Complaint that State Farm has a policy of "delay, deny, defend" its uninsured and underinsured motorist claims.   She seeks $25,000 in compensatory damages plus 12% penalty for bad faith, prejudgment interest, punitive damages and attorneys fees.  (Complaint).

As Judge Wilson's calculated in *Pritchard*:

The claim for compensatory damages on the policy is only $25,000.  When the $3,000 for the 12% penalty is added, the total compensatory damage claim comes to $28,000.  To reach $75,000, the punitive damages and attorney's fees together must total $47,000.

State Farm points out that there have been bad faith cases in Arkansas where plaintiffs have recovered large punitive damage awards which propelled the amount in controversy above $75,000.  Again, the Court follows Judge Wilson's lead.  "The dishonest or malicious conduct of the insurance companies [in those cases] is dissimilar to the allegations here."   State Farm has failed to prove by a preponderance of the evidence that the amount in controversy in this case

exceeds $75,000.  Therefore, the Court does not have jurisdiction under 28 U.S.C. § 1332.

Plaintiff's Motion to Remand (Docket # 9) is GRANTED.  Defendant's Motion to Dismiss (Docket # 6) is MOOT.  The Clerk is directed to send the case file to the Clerk of the Saline County Circuit Court forthwith.

IT IS SO ORDERED this 8th day of July 2009.

_____
James M. Moody
United States District Judge